UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON MEIER, *Guardian and Conservator of PM, a minor*, and PM, *a minor child by Sharon Meier, Guardian and Conservator,*

            Plaintiffs,

v.

COUNTY OF PRESQUE ISLE, PRESQUE ISLE SHERIFF'S DEPARTMENT, and JOHN DOE, *county agents, servants, employees, and police officers,*

            Defendants.

            Case Number 07-13760-BC
            Honorable Thomas L. Ludington

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff Sharon Meier's ("Plaintiff") motion for leave to amend her complaint [Dkt. # 17] is presently before the Court. Plaintiff initiated this action on behalf of her minor son, "PM," seeking damages under 42 U.S.C. § 1983 for injuries PM sustained while being held at Presque Isle County Jail ("PIC Jail"). The instant motion seeks to amend the complaint to add six defendants, previously named as "John Doe" defendants ("Doe Defendants"). Plaintiff contends that she recently identified the Doe Defendants due to "newly discovered information." Plaintiff seeks to individually name the Presque Isle County Commissioners ("Defendant Commissioners") and the Presque Isle County Sheriff ("Defendant Sheriff").

The Federal Rules of Civil Procedure suggest that leave to amend should be "freely give[n] when justice so requires." FED. R. CIV. P. 15(a)(2). Defendants assert that amendment to add the Doe Defendants would be "futile." *See Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). When a party asserts that amendment would be futile, the Court is to evaluate the amendment under the

Rule 12 standard. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir.2000).

The Defendant Commissioners assert the potential affirmative defense of legislative immunity. Plaintiff's motion did not address this argument; nor did she file a reply brief to rebut this assertion. The arguments advanced by the Defendant Sheriff against amendment, as discussed below, are unpersuasive. Thus, the Court will **GRANT** in part and **DENY** in part Plaintiff's motion for leave to amend.

Although the motion was scheduled for hearing before this Court on May 21, 2008, the Court has reviewed the parties' submissions and finds that the relevant law and facts have been set forth in the briefs. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motions be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

I

According to the complaint, PM was involved in an automobile accident on September 17, 2006. Apparently, PM was intoxicated at the time of the accident and left the scene before police arrived. Soon thereafter on the same day, Police determined PM's residence, located him, and questioned him about the accident. Based on PM's statements and the alcohol odor PM emitted, Police placed him under arrest for operating a vehicle while intoxicated and driving with a suspended license.

Police transported PM to PIC Jail, booked PM, and placed him in a cell. Police administered a Datamaster Breath Test to ascertain PM's blood alcohol level. PM registered a blood alcohol level of 0.31. Police kept an observation log that recorded PM's actions. At 3:10 p.m., the log noted PM's 0.31 blood alcohol content and that PIC Jail staff contacted a physician. Officers observed

that PM smelled like a "booze bottle" and observed PM "shaking." At 8:25 p.m., PM's blood alcohol level was 0.217. At 10:55 a.m. on September 18, 2006, PM reported feeling "really bad." At 1:32 p.m., an officer found PM unconscious and lying face down on the floor. At approximately 2:00 p.m., an ambulance transferred PM to the Alpena Regional Medical Center. Doctors diagnosed PM with acute respiratory failure and multiple lacerations on his face, in his mouth, and on his leg. It was also determined that PM had suffered a seizure and a head injury. PM fell into a coma for approximately six months.

On September 6, 2007, Plaintiff brought this action on behalf of PM. Plaintiff named Presque Isle County ("Defendant County"), Presque Isle County Sheriff's Department ("Defendant Department"), and "several County agents, servants, employees, and police officers, hereinafter identified as John Does, in their individual and official capacities" (previously referred to as "Doe Defendants"). Plaintiff alleged two violations of 42 U.S.C. § 1983 against Defendants for inadequate medical care and failure to train and supervise its employees.

On April 23, 2008, Plaintiff filed the instant motion seeking to amend the complaint to name the following Presque Isle County Commissioners (previously referred to as "Commissioner Defendants") as Defendants: Chairman Allen Bruder ("Bruder"), Michael Darga ("Darga"), Stephen Lang ("Lang"), Robert Schell ("Schell"), and Gary Wozniak ("Wozniak"). Plaintiff also seeks to add Presque Isle County Sheriff Terry Flewelling (previously referred to as "Defendant Sheriff").

The proposed amended complaint contains the following additional allegations:

30. That [the Commissioner Defendants] were the duly elected officials comprising the Presque Isle County Commission, the governing body for Presque Isle County.

31. That [Defendant Sheriff] was the duly elected Presque Isle County Sheriff with the responsibility for the supervision and operation of the [Defendant Department].

> \*   \*   \*
>
> 52. That Defendants were aware of previous incidents where individuals who were incarcerated in the [PIC Jail] suffered serious injuries while under the supervision and care of Presque Isle County employees.
>
> 53. That Defendants failed to provide adequate funding for the training of Presque Isle County employees.

Dkt. # 17-3 at ¶ 30, 31, 52, 53.  Otherwise, the proposed amended complaint remains identical to the original complaint.

II

Pursuant to the Federal Rules of Procedure leave to amend shall be "freely give[n] . . . when justice so requires."[1] FED. R. CIV. P. 15(a)(2).  "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995) (*citing Ford v. Ford*, 371 U.S. 187 (1962)).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (*citing Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir.1993)).

---

[1] Plaintiff moved to amend her complaint under Rule 15, seeking to add substantive allegations and name additional Defendants.  Though the parties do not frame Plaintiff's motion as a motion for joinder of additional Defendants, it is apparent that Federal Rule of Civil Procedure 20 is also applicable in this instance.  Rule 20 places joinder under the Court's discretion to determine whether adding additional parties promotes convenience and judicial economy.  *See e.g. Beaufort County School Dist. v. United Nat. Ins. Co.*, 519 F.Supp.2d 609, 614 (D.S.C. 2007).  The parties are scheduled to conclude discovery by September 24, 2008 and Plaintiff filed the instant motion less than a month after the Court's scheduling order.  Thus, joinder of these Defendants, under Rule 20, would promote legal convenience and judicial economy.  In light of that conclusion, the Court will only analyze Plaintiff's motion under the Rule 15 framework.

Defendants contend that amendment would be futile because the Doe Defendants would be entitled to dismissal pursuant to Rule 12(b)(6). Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure and allow for dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1965 (2007) (citations omitted); *see also Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) ("[W]hile liberal, this standard of review does require more than the bare assertion of legal conclusions."). In *Twombley*, 127 S.Ct. at 1965, the Supreme Court continued, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (Citations omitted). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

III

Plaintiff relies on "newly discovered evidence" as her basis for amending the complaint. The motion, however, does not identify what evidence supports amendment. It can be reasonably inferred from the proposed amended complaint that Plaintiff, through discovery, learned of other people that previously sustained injuries at PIC Jail. As such, Plaintiff possibly intends to advance a theory that Commissioner Defendants and Defendant Sheriff did not take adequate steps (training, supervision, or funding) to prevent injury.[2]

Defendant contends that amendment to name the Doe Defendants would be futile for the following reasons: (1) the Commissioner Defendants are absolutely immune as legislators; (2) Plaintiff has not alleged any facts that Defendant Sheriff was present such that he would not be liable in his individual capacity; and (3) naming Defendant Sheriff, in his official capacity, would be redundant because it is functionally equivalent to re-naming Defendant County.

Plaintiff's failure to file a reply brief clouds the analysis. As stated above, the Doe Defendants asserted that amendment would be futile. Thus, the Rule 12 standard applies. Without a reply brief, Plaintiff has not provided a substantive response to the Doe Defendants' legal defenses.

A

Plaintiff's original complaint named the Doe Defendants in their official and personal capacities. The proposed amended complaint alleges the Commissioner Defendants knew that people had previously sustained injuries at the PIC Jail, but did not fund the necessary training of staff to prevent injury to PM or adequate medical care. There are no allegations that the Commissioner Defendants, in their personal capacity, engaged in any conduct that directly caused

---

[2] This is, of course, speculation. Plaintiff did not explain this in her motion.

PM's harm. Thus, the proposed amended complaint appears to be futile because the proposed amended complaint does not state a claim for relief against the Commissioner Defendants, in their individual capacities.

The Commissioner Defendants assert that each is entitled to legislative immunity for engaging in their legislative capacities. *See R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 437-38 (6th Cir. 2005). "Absolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity." *Id.* (*quoting Bogan v. Scott-Harris,* 523 U.S. 44, 54 (1998)). "The determination of whether an act was legislative depends upon the nature of the act without regard to the motive or intent of the officials involved." *Collins v. Village of New Vienna*, 75 Fed. Appx. 486, 488 (6th Cir. 2003) (*citing Bogan*, 523 U.S. at 54-55). The Supreme Court recognized that a decision concerning budgetary issues as an "integral step[] in the legislative process" entitled to absolute immunity. *Bogan*, 523 U.S. at 55 (finding an executive official's introduction of a municipal budget was a legislative act).

In this instance, it appears that legislative immunity is applicable. The proposed amended complaint alleges that the Commissioner Defendants did not provide sufficient funding for the proper training of the PIC Jail's staff or adequate medical care to PM. These allegations fall squarely within the legislative function. Essentially, the Commissioner Defendants' conduct that Plaintiff complains is a budgetary decision. Thus, amendment to name the Commissioner Defendants would be futile. It is of note, however, that it is not outside the realm of possibility that legislators would not be entitled to immunity for their conduct. *See e.g. Canary v. Osborn*, 211 F.3d 324 (6th Cir. 2000). Without a reply brief, Plaintiff has not demonstrated that the Commissioner Defendants would not be entitled to dismissal under the Rule 12 standard.

B

Defendant Sheriff also suggests that amendment would be futile. Defendant Sheriff contends that he would be entitled to dismissal, in his individual capacity, because "there is no dispute regarding whether [Defendant Sheriff] was involved in the alleged constitutional deprivation . . . " Dkt. # 19 at 12. Defendant Sheriff's argument fails for two reasons. First, Defendant Sheriff is essentially asserting that the allegation is not factually supported. In other words, no triable issue of facts exists whether Defendant Sheriff was present. That conclusion relies on the Rule 56 standard, when the Rule 12 standard is applicable to the instant motion.

Second, Defendant Sheriff relies on *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997), which appears to be inapposite in this instance. *Turner* discusses an excessive force claim asserted against a police officer. *Id.* In the event *Turner* is applicable, its holding does not support Defendant Sheriff's argument that Plaintiff must demonstrate Defendant Sheriff was present at the time of his injury. The *Turner* court recognized, that to hold a police officer liable for excessive force, the plaintiff must demonstrate the officer: (1) actively participated in the excessive force, (2) supervised the excessive force, or (3) owed a duty to protect the victim from the excessive force. Defendant Sheriff contends that he was not present and cannot be held liable. Under the possibilities in *Turner*, Defendant Sheriff could be held liable if he supervised PM's incarceration or owed a duty to protect him. Plaintiff's alleged Defendant Sheriff was required to supervise the Defendant Department's employees and operate the PIC Jail. Thus, amendment to name Defendant Sheriff, in his individual capacity, would not be futile.

Next, Defendant Sheriff contends that naming him, in his official capacity, would be redundant. The Court has previously recognized that a claim asserted against an individual in their

official capacity is equivalent to asserting the claim against the governmental entity itself. *See Wilson v. Eliot County, Ky.*, 198 Fed.Appx. 471, 474 (6th Cir. 2006). Defendant Sheriff advances the argument that there is "no reason" to name Defendant Sheriff, in his official capacity. Though it may be redundant in a practical sense, Defendant Sheriff has not offered any authority that he is entitled to dismissal for this reason. It is not outside the realm of possibility that Defendant County could be dismissed as a defendant at a later point in this litigation. If that happened, Plaintiff's claims against Defendant Sheriff could possibly be her only avenue to relief. Thus, it would not be futile to amend the complaint to name Defendant Sheriff, in his official capacity.

IV

Accordingly, it is ordered that Plaintiff's motion to amend the complaint [Dkt. # 17] is **GRANTED** in part and **DENIED** in part. Plaintiff may amend the complaint to name Presque Isle County Sheriff Terry Flewelling, in his personal and official capacities, as a defendant in this matter **on or before June 2, 2008**. Plaintiff may not amend the complaint to add the Presque Isle County Commissioners as defendants.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 20, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 20, 2008.

s/Tracy A. Jacobs  
TRACY A. JACOBS