UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHARON MEIER, *as Guardian
and Conservator of Paul Meier,*

        Plaintiff,

v.

Case Number 07-13760-BC
Honorable Thomas L. Ludington

COUNTY OF PRESQUE ISLE, *et al.*,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT

On February 11, 2009, this Court granted Defendants' motion for summary judgment. On February 26, 2009, Plaintiff Sharon Meier ("Plaintiff") requested the Court to amend its judgment, contending that the Court erroneously dismissed her 42 U.S.C. § 1983 claim advanced against Defendant Presque Isle County (the "County") for failing to train jail staff to address severely inebriated inmates. The Court dismissed that claim because Plaintiff had not established an underlying constitutional violation committed by any of the officers. Dkt. # 58 at 20-21 (citing *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001)). Plaintiff contends that the Court misapplied *Watkins* and that the failure to train claim is not dependent on the claims advanced against the individual officers. The Court disagrees and will **DENY** Plaintiff's motion to alter the judgment.

I

For the purposes of addressing the instant motion, a limited rendition of the factual record will suffice. *See generally* dkt. # 58. On September 17, 2006, Plaintiff's husband was arrested for operating a vehicle under the influence of alcohol and driving with a suspended license in Presque

Isle County, Michigan. During his processing at the jail, Plaintiff's husband registered a blood-alcohol level of 0.31. Despite a written policy instructing the intake officer to not admit an individual with a blood-alcohol level in excess of 0.30 and direct his transfer to a medical facility, the officer accepted Plaintiff's husband into the jail. The officer, however, did seek advice from a physician. The physician instructed the officer to continue to observe Plaintiff's husband for any deterioration in his condition. The physician incorrectly assumed that the officer had been trained to monitor basic vital signs, *e.g.*, heart rate, blood pressure. During his incarceration, the condition of Plaintiff's husband deteriorated and he ultimately suffered a seizure from alcohol withdrawal. The seizure caused Plaintiff's husband to fall from his bed onto a cement floor, which lead to a catastrophic head injury.

Plaintiff's complaint alleged 42 U.S.C. § 1983 claims for deliberate indifference to a serious medical need against the individual officers and inadequate training of officers against the sheriff and the County of Presque Isle. The Court concluded that Plaintiff did not establish that any of the individual officers had the requisite subjective intent to deprive Plaintiff's husband of medical care. Consequently, the Court also concluded that Plaintiff could not establish municipal liability for failure to train because Plaintiff had not established an underlying constitutional violation.

In support of that conclusion, the Court relied on *Watkins*, which Defendants advanced in their the moving brief. *See* dkt. # 44 at 27-28. Plaintiff chose not to respond to *Watkins* in its response brief. *See generally* dkt. # 47. Rather, Plaintiff first addressed *Watkins* in the instant motion.

II

Pursuant to Fed. R. Civ. P. 59(e),[1] a party may seek reconsideration of the granting of a motion for summary judgment "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *American Marietta Corp. v. Essroc Cement Corp.*, 59 F.App'x 668, 671 (6th Cir. 2003) (quoting *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)). Similarly, a motion for reconsideration under this Court's local rules requires that the movant "demonstrate a palpable defect by which the court and the parties have been misled [and] also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3).

III

A

To state a claim for municipal liability, a plaintiff must demonstrate the "harm was caused by a constitutional violation" and that the municipality "is responsible for that violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985)). It is well settled that a plaintiff may not establish a municipal liability for a constitutional violation through a theory of respondeat superior. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). Such liability is established by identifying that the municipality adopted a custom, policy, or practice that led to the constitutional violation. *Id.*

A plaintiff may satisfy the custom, policy, or practice requirement by demonstrating that a defendant's failure to train staff caused a constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). A prima facie claim for failure to train consists of the following three elements:

---

[1] While Plaintiff's motion refers to Fed. R. Civ. P. 29(e), the title and subject of the motion suggest this was a typographical error.

"(1) that a training program is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of the [municipality]'s deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the plaintiff's injury." *Plinton v. County of Summit*, 540 F.3d 459, 464 (6th Cir. 2008) (quotations omitted) (quoting *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir.1989) (citing *City of Canton*, 489 U.S. at 389-91)). While unaddressed in the earlier opinion, Plaintiff has not yet established a prima facie claim for failure to train because she has not satisfied the second element.

"To show deliberate indifference, 'Plaintiff must show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.' " *Id.* (quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir.2005)). In addition, deliberate indifference may be established by identifying "a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation . . . ." *Id.* (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 409 (1997)).

Here, Plaintiff has not identified "prior instances of unconstitutional conduct" that illustrate the County's deliberate indifference. *See* dkt. # 47 at 34-35. In addition, the Court's previous opinion found that the record did not support a constitutional violation on the part of the individual officers in the instant case. While the County adopted a policy to address inebriated prisoners, Plaintiff has fallen short of her evidentiary burden because she has not satisfied the requirement to demonstrate conduct by the County meeting the deliberate indifference standard articulated in *Plinton*.

B

Even if Plaintiff established a prima facie claim, the fact that the individual defendants' conduct did not amount to a constitutional violation remains fatal to the claim advanced against the County. "If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001). This proposition is well settled. Indeed, the Supreme Court's decision in *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986), supports this conclusion. The Court reasoned as follows:

> [N]either *Monell* [], nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.

*See also Kinkus v. Vill. of Yorkville, Ohio*, 289 F.App'x 86, 93 (6th Cir. 2008) (dismissing municipal liability claim because conduct of individual officers did not violate plaintiff's rights under the First Amendment); *Peet v. City of Detroit*, 502 F.3d 557, 566 (6th Cir. 2007) (dismissing municipal liability claim because conduct of individual officers did not violate plaintiffs' right under Fourth Amendment to be free from unreasonable seizure); *DeMerrell v. City of Cheboygan*, 206 F.App'x 418, 429 (6th Cir. 2006) (dismissing municipal liability claim because conduct of individual officer did not violate plaintiff's Fourth Amendment right to be free from excessive force). This authority certainly supports this Court's original analysis.

In fact, *Watkins* involved a case for deliberate indifference to a serious medical need. 273 F.3d at 685-86. In that case, the court concluded that the record did not support a finding that the custodial officers subjectively disregarded the medical risk. *Id.* at 686. The court consequently

concluded that the municipality was also entitled to summary judgment. *Id.* (citing *Heller*, 475 U.S. at 799).

While acknowledging the conclusion in *Watkins*, Plaintiff's instant motion contends that the *Watkins* court misapplied *Heller*. Dkt. # 60 at 9-10. Plaintiff asserts that when a municipality's inadequate training causes a constitutional violation, that act itself may serve as an independent basis for relief. *Id.* at 10-11. In support of that notion, Plaintiff relies on *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377 (6th Cir. 2004). In *Graham*, that court viewed *Watkins* to be inapposite to the circumstance before the court because *Watkins* considered constitutional violations advanced against individual officers and the municipality. *Id.* at 382 n.4. Despite the factual similarity between *Watkins* and *Graham*, the court noted that the "focus [wa]s solely on the [municipality's] liability" because the plaintiff had not asserted any section 1983 claims against the individual officers; thus, the reasoning in *Watkins* did not dictate the outcome. The instant circumstance is distinguishable from *Graham* because Plaintiff did advance claims against the individual officers.

Plaintiff also advances a factually analogous case, *Ford v. County of Grand Traverse*, 535 F.3d 483, 489 (6th Cir. 2008), where a jury found a municipality liable for a policy that was deliberate indifferent to a serious medical need, while also finding the individual officers not liable for deliberate indifference to a serious medical need. There, the defendant argued that a finding of liability on the part of the municipality must be contingent on a finding that the individual officers violated the plaintiff's rights. *Id.* at 491-92. The Sixth Circuit refused to address the argument because it concluded the defendants waived the argument by not raising it with the district court. *Id.* at 493-94. Thus, it does not provide any guidance in the present matter because it was decided

on procedural grounds.

In addition, Plaintiff also relies on the reasoning of two district court opinions, *Balbridge v. Jeffreys*, No. 07-CV-15130-DT, 2009 U.S. Dist. LEXIS 8454 (E.D. Mich. 2009) and *Hellman v. Kenton County Jailer*, No. 05-31-JGW, 2007 U.S. Dist. LEXIS 27302 (E.D. Ky. April 12, 2007). While Plaintiff contends *Balbridge* analyzed claims against the municipality despite finding no individual constitutional liability, that court did not consider *Watkins* or consider whether the *Monell* claim must be predicated on a claim of individual liability. *See generally Balbridge*, *supra.* With respect to *Hellmann*, that court did consider *Watkins* and agreed that a plaintiff's inability to establish an individual's liability precluded the claim against the municipality. *Hellmann* at \*33-\*34. Plaintiff interprets this line of cases to represent that a claim against the County merits consideration independent of the constitutionality of the individual officers' conduct. That is, the County's decision not to train the intake officer amounted to a constitutional violation, in and of itself. As Defendant's response argues, Plaintiff's dispute is with the conclusion reached by the *Watkins* court. Indeed, none of the authority advanced by Plaintiff supports the proposition that a municipality may be held liable for failure to train when the record does not support a finding of unconstitutional conduct by the individual officers.

IV

Accordingly, it is **ORDERED** that Plaintiff's motion to alter the judgment [Dkt. #60] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated:  April 30, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 30, 2009.

          s/Tracy A. Jacobs
          TRACY A. JACOBS